# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> SWARM OF NOVEMBER 15 to ) <br> DECEMBER 9, 2010, *et al.*, ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.  2:11-cv-00637-RLH-GWF <br><br> **ORDER** <br><br> Motion for Early Discovery (#2) |

This matter is before the Court on Plaintiff Liberty Media Holdings, LLC's Motion for Early Discovery (#2), filed April 22, 2011.

## BACKGROUND

Plaintiff is a California-based multimedia company suing a series of John Doe defendants for copyright infringement. Plaintiff alleges that the defendants used the internet services of cable providers Cox Communications, Charter Communications and Clearwire Corporation to download and distribute unauthorized copies of Plaintiff's media in violation of its copyrights. The Complaint (#1) identifies the Defendants by their internet protocol ("IP") addresses which have been assigned to them by the cable or internet service providers.  Plaintiff states that it is otherwise unable to identify the Defendants unless it can obtain subscriber identity information from the cable service providers. Plaintiff requests that the Court enter an order authorizing it to serve subpoenas on the third-party cable providers Cox Communications, Charter Communications and Clearwire Corporation to require them to disclose personal identification information for the John Doe defendant/subscribers who are identified in the Complaint by their internet protocol ("IP") addresses  (*Id.*)

. . .

. . .

## DISCUSSION

Pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding that is exempt from initial disclosure under Rule 26(a)(1)(B), or when authorized by the rules, stipulation or court order. Other courts have found good cause to permit early discovery to obtain the identities of individuals named as Doe defendants where the Plaintiff is unable to obtain their identities without discovery. Such circumstances occur when the defendants are persons who have allegedly engaged in wrongful conduct through internet communications or activities, and their identities are unknown to the plaintiff, except for the internet protocol ("IP") addresses assigned to them. *See Arista Records LLC v. John Does, 1-19*, 551 F.Supp.2d 1, (D.D.C. 2008).

Non-parties Cox Communications, Charter Communications and Clearwire Corporation are arguably cable service providers within the meaning of the Cable Communications Act, 47 U.S.C. § 551. Pursuant to that Act, and in the absence of a cable subscriber's express consent, a party seeking to obtain a subscriber's personal identification information from a cable service provider must obtain "a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B). Regardless of whether the Act applies to the provider, the Court may enter such an order pursuant to Fed.R.Civ.P. 26. *See Arista Records LLC v. John Does 1-19*, 551 F.Supp.2d at 5-9. Plaintiff has shown good cause for the issuance of an order pursuant to Rule 26 and/or 47 U.S.C. § 551 in that it will not otherwise be able to identify and serve the John Doe Defendants without such discovery.

Accordingly, Plaintiff is authorized to serve a Rule 45 subpoena, together with a copy of this order, on Cox Communications, Charter Communications and Clearwire Corporation to obtain the identity of each subscriber John Doe Defendant identified by an Internet Protocol ("IP") address in Plaintiff's Complaint, including the subscriber's name, his or her current (or permanent) address, telephone number, email address and IP address. Any information disclosed to Plaintiff in response to the Rule 45 subpoenas may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint.

. . .

Within five (5) business days of being served with the subpoena and this Order, Cox Communications, Charter Communications and Clearwire Corporation shall give written notice of the subpoena and order, which may include email notice, to the Defendant subscribers in question. If the cable service providers and/or any Defendant intend to file a motion to quash the subpoena, they must do so before the return date of the subpoena, which shall be 25 days from the date of service of the subpoena on Cox Communications, Charter Communications and Clearwire Corporation. The cable service providers **shall not respond** to the subpoenas until 25 days after the date of service of the subpoena, unless the subscriber communicates that they have no objection to disclosure, so that Defendants may have an opportunity to file a motion to quash. Cox Communications, Charter Communications and Clearwire Corporation shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.

Plaintiff's request to serve interrogatories on the Defendants or to take their depositions once they have been identified, but prior to service of the Complaint, the filing of responsive pleadings by the Defendants, or a Rule 26(f) conference between the parties is denied. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Liberty Media Holdings, LLC's Motion for Early Discovery (#2) is **granted**, in part, and **denied**, in part, in accordance with the foregoing order.

DATED this 9th day of May, 2011.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge